**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WENDY FANELLA,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF EDUCATION OF INDIAN PRAIRIE SCHOOL DISTRICT 204,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 23-cv-05648<br><br>Judge Andrea R. Wood |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Wendy Fanella, a teacher employed by Defendant Board of Education of Indian Prairie School District 204 ("District"), alleges that her sincerely held Christian beliefs prevented her from receiving the COVID-19 vaccine. She further claims that the District denied her requests for paid administrative leave and restoration of previously used sick days for COVID-19-related absences ("COVID Leave") during the 2021–22 and 2022–23 school years due to her vaccination status. As a result, Fanella has brought this action against the District asserting violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C § 2000e, *et seq*., and the Illinois School Code, 105 ILCS 5/1, *et seq*. The District has filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 12.) For the reasons that follow, the District's motion is denied.

**BACKGROUND**

For purposes of the motion to dismiss, the Court accepts the well-pleaded facts in the Complaint as true and views them in the light most favorable to Fanella as the non-moving party.

*See, e.g.*, *Anicich v. Home Depot USA, Inc.*, 852 F.3d 643, 648 (7th Cir. 2017). The Complaint alleges as follows.[1]

Fanella is a teacher employed by the District, receiving thirteen sick-leave days annually. (Compl. ¶¶ 5, 8, Dkt. No. 1.) When in-person learning resumed during the 2021–22 school year, the District required employees to be vaccinated against COVID-19 but recognized exemptions from the requirement for those who objected based on sincerely held religious beliefs. (*Id.* ¶ 10.) Employees seeking such exemptions submitted written applications, including the District's "Employee Request for Religious Exemption from COVID-19 Vaccination" form. (*Id.* ¶¶ 10–11.) Fanella applied for and received a religious exemption. (*Id.* ¶ 13.) In her application, she stated that the vaccine conflicts with her Christian beliefs regarding the sanctity of life and the human body as a temple of the Holy Spirit because it used stem cells from aborted fetuses. (Fanella's Opp'n, Ex. A, Dkt. No. 22-1.)[2] She also stated that she had learned that the tests had a known cancer-causing agent that would harm her body. (*Id.*) As a reasonable accommodation, the District allowed Fanella to undergo weekly COVID-19 testing instead of vaccination. (Compl. ¶ 10.)

At that time, the District provided up to ten paid days of COVID Leave for employees unable to work due to COVID-19-related reasons, such as a positive test or quarantine. (*Id.* ¶ 16.) COVID Leave was in addition to regular sick leave. Employees approved for religious or

---

[1] The Complaint originally included claims by five additional Plaintiffs, all of whom have settled with the District and voluntarily dismissed their claims. (Dkt. No. 27.)

[2] Although the Complaint alleges only that Fanella submitted a written exemption request, the Court incorporates the contents of the request by reference, as the request was explicitly referenced in the Complaint, described with sufficient specificity to be considered part of the pleadings, and is central to the claim. *See Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (district courts may consider "exhibits attached to the complaint . . . or documents referenced in the pleading if they are central to the claim" for a motion to dismiss).

medical exemptions were eligible for COVID Leave on the same terms as vaccinated employees. (*Id.* ¶ 17.)

On April 5, 2022, Illinois enacted Public Act 102-0697 (the "Act"), amending the Illinois School Code to provide paid administrative leave for certain COVID-related absences and to restore sick days previously used for those absences during the 2021–22 school year. (*Id.* ¶ 22.) The Act conditioned eligibility for paid leave benefits on employees being vaccinated by May 10, 2022. (*Id.* ¶ 25.) Shortly thereafter, the District introduced a new paid COVID Leave program. (*Id.* ¶ 32.) Unlike the District's earlier COVID Leave policy, the new program excluded employees with religious exemptions from vaccination. (*Id.*)

Fanella tested positive for COVID-19 in late April 2022 and was absent from work for five days. (*Id.* ¶ 52.) The District deducted those absences from her regular sick leave. (*Id.*) On April 25, 2022, Fanella submitted a request for COVID Leave for those dates, along with supporting documentation. (*Id.*) On June 16, 2022, the District denied her request, citing the Act's vaccination requirement despite her previously granted religious exemption. (*Id.*) To date, the District has not restored Fanella's sick leave or provided paid administrative leave. (*Id.*)

Fanella now claims that the District discriminated against her based on her religion by conditioning paid COVID Leave benefits on vaccination status, contrary to the Illinois School Code and Title VII. She asserts claims under Title VII for religious discrimination (Counts I and II) and claims based on violations of the Illinois School Code, 105 ILCS 5/10-20.83 and 105 ILCS 5/24-6 (Count III).

## DISCUSSION

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This

pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). In its motion, the District asserts that Fanella has not adequately alleged a discrimination claim under Title VII based on disparate treatment (Count I) or disparate impact (Count II) theories, and that there is no private right of action under the Illinois School Code (Count III).

**I. Title VII Claims**

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Religion under Title VII is broadly defined to include "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate" the observance or practice "without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). The statute proscribes both intentional discrimination, known as "disparate treatment," as well as practices that are not necessarily intended to discriminate but in fact have a disproportionately adverse effect on members of protected groups, *i.e.*, a "disparate impact." *Ricci v. DeStefano*, 557 U.S. 557, 577–78 (2009). Fanella invokes both disparate treatment and disparate impact theories for her religious discrimination claims.

### A. Disparate Treatment

The District makes three arguments for dismissal of Count I's disparate treatment claim. First, the District claims that Fanella fails to allege discriminatory intent or motive based on her practice of Christianity. It contends that neither Fanella's Complaint in this action nor her underlying exemption request plausibly demonstrates that her sincerely held religious beliefs conflict with the District's vaccination policy. Specifically, the District points out that Fanella's exemption request cites medical concerns and opposition to abortion—grounds it contends are not inherently religious. The District further contends that Fanella's allegations point to alternative justifications for its conduct, namely, its compliance with the Act.

At the motion-to-dismiss stage, however, a plaintiff need only allege facts plausibly suggesting that the denial of an accommodation request was motivated, at least in part, by the employee's religious beliefs or practices. *Passarella v. Aspirus, Inc.*, 108 F.4th 1005, 1010 (7th Cir. 2024). And Fanella's Complaint plausibly supports the inference that she was treated differently from other employees because of her religious beliefs. On this point, the Seventh Circuit's decision in *Passarella* is instructive. In that case, the Seventh Circuit held that the district court erred in dismissing the plaintiff's claim for religious discrimination where her objection to a vaccine mandate included both religious and non-religious grounds. *Id.* at 1009. At the pleading stage, all reasonable inferences must be drawn in the plaintiff's favor. Therefore, the District's argument—that Fanella's exemption was not exclusively religious and thus religion could not have been a motivating factor—fails. *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 584 (7th Cir. 2021).

Second, the District argues that Fanella does not plausibly allege that it did not reasonably accommodate her religious beliefs. The District contends that Title VII does not

require employers to provide the employee's preferred accommodation but only mandates a reasonable accommodation for religious observances or practices, provided it does not impose an undue hardship on the employer. *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 448 (7th Cir. 2013). While the District claims that it reasonably accommodated Fanella's religious objection to vaccination by allowing her to use her regular paid sick days to cover the days she was out with COVID-19, the Court agrees with Fanella that the District's argument improperly conflates Fanella's asserted injury with a reasonable accommodation. Fanella's disparate treatment claim is based on the fact that she had to use her regular sick days after the District denied her use of the additional allotment of paid COVID Leave due to her religious objection to receiving the COVID-19 vaccine. And, at this stage, Fanella plausibly alleges that the District would face no undue hardship in allowing her to take the same COVID Leave days that are available to vaccinated employees.

Third, the District contends that Fanella has failed to allege an adverse employment action. Fanella responds that the District negatively altered the financial terms of her employment by revising its COVID Leave policy to eliminate the religious exemption and subsequently denying her five days of COVID Leave for which she was otherwise eligible. Both parties acknowledge that "diminishing an employee's compensation, fringe benefits, or other financial terms of employment" constitutes an adverse employment action. *Herrnreiter v. Chii Hous. Auth.*, 315 F.3d 742, 744 (7th Cir. 2002). By requiring Fanella to use her sick leave while allowing other employees to access COVID Leave, the District effectively reduced her employment benefits. Accordingly, Fanella has sufficiently pleaded this element, and the District's motion to dismiss Count I is denied.

### B. Disparate Impact

With respect to Fanella's disparate impact claim in Count II, the District argues that Fanella's Complaint offers only conclusory statements regarding the disparate impact of its actions and thus fails to state a viable claim. In response, Fanella reiterates her arguments from the disparate treatment claim and further contends that the District's revised COVID Leave policy disproportionately burdens religious employees by limiting their employment opportunities and negatively affecting their employment status due to their religious beliefs.

As noted above, Title VII prohibits employment practices that disproportionately impact employees with protected characteristics, even when the effect is unintentional. *Ernst v. City of Chicago*, 837 F.3d 788, 794 (7th Cir. 2016). At the pleading stage, "some basic allegations . . . will suffice" to state a disparate impact claim. *Adams*, 742 F.3d at 733. While a plaintiff must identify ***some*** disparity between protected and unprotected classes, detailed statistical analysis is not required. *Id*. Instead, a plaintiff must provide sufficient factual material to nudge her claim over the plausibility threshold. *Id.* Fanella's initial allegations are sufficient to proceed.

In the alternative, the District raises the affirmative defense of failure to exhaust administrative remedies. The District argues that Count II must be dismissed because Fanella did not include a disparate impact theory in her EEOC charge. According to the District, Fanella's EEOC allegations are limited to claims of disparate treatment, focusing exclusively on the District's specific actions towards her rather than the broader impact of the COVID Leave policy on Christians as group. The District emphasizes that, under Title VII, a plaintiff may only pursue claims included in her EEOC charge, or those that are "like or reasonably related to" the allegations of the charge.

Claims are considered "like or reasonably related" when two conditions are met: (1) there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and (2) the claims in the complaint could reasonably be expected to grow out of an EEOC investigation into the charge. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Additionally, both the charge and the complaint must describe the same conduct and implicate the same individuals. *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019).

Here, the Court finds that Fanella's disparate treatment and disparate impact claims are closely intertwined. Both theories rely on the same evidence, and it would make "no practical sense to consider the first exhausted but the other not," as the District suggests. *Chi. Tchrs. Union, Loc. 1 v. Bd. of Educ. of City of Chicago,* 419 F. Supp. 3d 1038, 1056–57 (N.D. Ill. 2020), *aff'd sub nom. Chi. Tchrs. Union v. Bd. of Educ.*, 14 F.4th 650 (7th Cir. 2021). Thus, the Court finds that Fanella has properly exhausted her administrative remedies. For these reasons, the Court denies the District's motion to dismiss Count II.

## II. Illinois School Code

Finally, the District moves to dismiss Count III, in which Fanella alleges that it violated the Illinois School Code, 105 ILCS 5/10-20.83(h). The District argues that the Illinois School Code does not provide a private or implied right of action, asserting that the statute was not intended to allow individuals to seek remedies for personal grievances against public school districts. In response, Fanella contends that she has a right of action because the District failed to provide the paid leave benefits outlined in 105 ILCS 5/10-20.83(b), (c) and (e) and 105 ILCS 5/24-6 to employees with a recognized religious exemption to the COVID-19 vaccine.[3]

---

[3] ILCS 5/10-20.83 provides for paid administrative leave for COVID-19-related absences, while 105 ILCS 5/24-6 addresses general sick leave provisions, including leave for COVID-19-related reasons.

The Court finds that the Illinois School Code does not expressly create a private right of action. 105 ILCS 5/10-20.83; 105 ILCS 5/24-6. It must therefore consider whether the relevant statutes imply such a right. Fanella highlights two decisions in which the Illinois Supreme Court entertained claims brought by plaintiffs who sought relief related to the denial of sick leave to which they claimed to be entitled under 105 ILCS 5/24-6. *Dynak v. Bd. of Educ. of Wood Dale Sch. Dist. 7*, 164 N.E.3d 1226 (Ill. 2020); *Winks v. Bd. of Educ. of Normal Cmty. Sch. Dist. No. 5*, 398 N.E.2d 823, 824 (Ill. 1979). Although the Illinois Supreme Court did not discuss whether an implied right of action exists under 105 ILCS 5/24-6 in either case, it apparently accepted that a right of action existed, as it decided the claims in both cases on the merits. *See Danielson v. DuPage Area Vocational Educ. Auth.*, 595 F. Supp. 27, 31 (N.D. Ill. 1984) ("It is clear that private claims have been brought under . . . The School Code." (citing *Winks*, 398 N.E.2d 823)). On the other hand, the cases that the District cites for the proposition that the Illinois School Code contains no private right of action concern provisions entirely unrelated to employee leave. *E.g.*, *Cunliffe v. Wright*, 51 F. Supp. 3d 721, 741 (N.D. Ill. 2014) (protections for whistleblowers); *Collins v. Bd. of Educ. of N. Chi. Cmty. Unit Sch. Dist. 187*, 792 F. Supp. 2d 992, 1000 (N.D. Ill. 2011) (setting forth the oath of office taken by school board members); *Carlson ex rel. Stuczynski v. Bremen High Sch. Dist. 228*, 423 F. Supp. 2d 823, 829 (N.D. Ill. 2006) (school authorities' right to conduct searches of school property); *Dudley v. Bd. of Educ., Bellwood Sch. Dist. No. 88*, 632 N.E.2d 94, 1104–05 (Ill. App. Ct. 1994) (evaluation and remediation of tenured teachers).

Given that Fanella, like the plaintiffs in *Dynak* and *Winks*, is trying to recover paid leave to which she claims to be entitled under the Illinois School Code, and the Illinois Supreme Court

has implicitly signaled that private plaintiffs can bring such a claim, the Court will allow Fanella's claims under the Illinois School Code to proceed.

## CONCLUSION

For the foregoing reasons, the District's motion to dismiss (Dkt. No. 12) is denied.

ENTERED:

Dated: September 30, 2026

Andrea R. Wood
United States District Judge